UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00009-MOC
(3:16-cr-00233-MOC-DCK-1)

| | |
|---|---|
| **JAMES SCOTT ERVIN, JR.,** | )<br>)<br>) |
| **Petitioner,** | )<br>) |
| vs. | ) **ORDER** |
| | ) |
| **UNITED STATES OF AMERICA,** | )<br>) |
| **Respondent.** | )<br>) |

**THIS MATTER** comes before the Court on Petitioner's "Motion to Amend 59(e)." [CV Doc. 23].[1]

On September 21, 2016, Petitioner was charged in a Bill of Indictment with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e). [CR Doc. 1: Bill of Indictment]. Petitioner pleaded guilty without a written plea agreement, [CR Doc. 16 at ¶¶ 3, 25: Acceptance and Entry of Guilty Plea], and the Court sentenced Petitioner to a term of imprisonment of 188 months, [CR Doc. 32 at 2: Judgment]. Petitioner appealed his sentence and the Fourth Circuit affirmed. United States v. Ervin, 729 Fed. App'x 268 (4th Cir. 2018). The Supreme Court denied Petitioner's petition for writ of certiorari. Ervin v. United States, 139 S. Ct. 1392 (2019). Petitioner timely filed the instant motion to vacate under § 2255, [CV Doc. 1], which the Court denied and dismissed on the merits, [CV Doc. 21].

Petitioner timely filed the pending motion under Rule 59(e) of the Federal Rules of Civil

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:20-cv-00009-MOC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:16-cr-00233-MOC-DCK-1.

Procedure. [CV Doc. 23]. Petitioner asks the Court to reconsider its judgment dismissing his motion to vacate because it "is not based on facts presented in the 2255 motion or evidence present in the discovery." [Id. at 1]. For the most part, Petitioner reiterates arguments previously made and rejected by the Court. [See id. at 1-4]. Petitioner also, for the first time, clams that the search of his girlfriend's residence that revealed the subject firearm was illegal because his girlfriend was not Mirandized and was pressured into consenting to the search. [See id. at 5].

Regarding motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit Court of Appeals has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his motion to vacate. Rather, Petitioner points to the same evidence he presented to the Court in aid of his motion to vacate, which the Court found unpersuasive, and to evidence that,

2

if true, was available when he filed his motion to vacate. Nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. The Court, therefore, will deny Plaintiff's motion.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion [Doc. 23] is **DENIED**.

Signed: December 9, 2021

Max O. Cogburn Jr
United States District Judge