UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00009-MOC
(CRIMINAL CASE NO. 3:16-cr-00233-MOC-DCK-1)

| | |
|---|---|
| JAMES SCOTT ERVIN, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's "Omnibus Request for a Rule 60(b) Motion for Reconsideration or in the Alternative a Request for a Certificate of Appealability 28 U.S.C. § 2253(c)" [CV Doc. 25][1] and the Government's Motion to Dismiss [CV Doc. 29].

**I. BACKGROUND**

The Court previously detailed most of the relevant factual and procedural background in this matter in its October 19, 2021 Order denying and dismissing with prejudice Petitioner's original Section 2255 Motion to Vacate, Set Aside or Correct Sentence. [See Doc. 21]. This Order is herein incorporated by reference. Thereafter, Petitioner moved the Court to reconsider its judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, which the Court denied. [CV Docs. 23, 24]. Petitioner then appealed the Court's denial of his original motion to vacate and his Rule 59 motion, which remains pending. [See CV Doc. 26].

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:20-cv-00009-MOC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:16-cr-00233-MOC-DCK-1.

Now before the Court is Petitioner's Rule 60(b) motion for relief from judgment,[2] which he filed the same day as his appeal. [CV Doc. 25]. Petitioner fails to specify which ground(s) under Rule 60(b) is the basis for his motion. [See id.]. Nonetheless, he argues that the Court erred as a matter of law because the ATF report provides that the firearm at issue was "transferred" from the manufacturer in North Carolina to Lipsey's, LLC, rather than "ship[ped] or transport[ed]." [Id. at 3]. Petitioner argues that, "[a] firearm does not have tot [*sic*] travel or be shipped to Lipsey's, LLC to be sold to a buyer." [Id. at 5-6]. Petitioner continues, therefore, "absent a shipping manifest or other proof that the fire arm [*sic*] in the instant case was shipped or transported and not just transferred electronically; … he is actually innocent of § 922(g)…." [Id. at 6]. The Government moved to dismiss Petitioner's motion as an unauthorized, successive motion to vacate and as meritless. [CV Doc. 29].

## II.  STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See

---

[2] Rule 60(b) allows relief from judgment or order for the following reasons:

>  (1) mistake, inadvertence, surprise, or excusable neglect;
>  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>  (3) fraud …, misrepresentation, or misconduct by an opposing part;
>  (4) the judgment is void;
>  (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

2

Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.    DISCUSSION**

Petitioner purports to seek relief under Federal Rule of Civil Procedure 60(b). [Doc. 25]. Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a Section 2255 motion).

Regarding Rule 60(b) motions that are actually attempts at successive collateral review, the Fourth Circuit has stated:

> a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.

Id. at 207.  "[N]ew legal arguments or proffers of additional evidence" generally indicate that a prisoner is continuing to attack his conviction, rather than seeking relief under Rule 60(b)."  Id.

Petitioner now claims that the Court erred as a matter of statutory interpretation in determining that the evidence showed that the subject firearm met the interstate nexus element. [CV Doc. 25 at 2-3].  Petitioner contends that "the term 'transfer' [in the ATF report] is inconclusive of the terms needed for Section 922(g)['s]" interstate nexus requirement. [Id. at 3; see CV Doc. Doc. 18-1].  As such, Petitioner asserts a new argument again attempting to show that the interstate nexus element of the § 922(g) charge was not met.  Petitioner's Rule 60(b) motion is no more than a successive Section 2255 petition in which he attempts to relitigate his

3

previous claim and again attack his § 922(g) conviction.³ See Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (distinguishing an attack on the "substance of the federal court's resolution of a claim on the merits," from an allegation of a "defect in the integrity of the federal habeas proceedings"). Thus, Petitioner's motion must be construed as a Section 2255 motion to vacate, notwithstanding its caption. See id. at 530-32; Everette v. United States, No. 5:04-cv-358, 2012 WL 4486107, at *2-3 (E.D.N.C. Sept. 28, 2012). Since Petitioner has already filed a motion under Section 2255 and this Court has adjudicated the motion on the merits, Petitioner's instant motion is a "second or successive" motion under Section 2255. Winestock, 340 F.3d at 206.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to

---

³ Moreover, the only relief Petitioner seeks is a determination that he is actually innocent of § 922(g). [CV Doc. 25 at 8]. Petitioner claims innocence of this charge "absent a shipping manifest or other proof that the fire arm in the instant case was shipped or transported and not just transferred electronically." [CV Doc. 25 at 6, 8]. The Government has provided such proof. [See Doc. 29-1 at 1-2; Doc. 29 at 6-7]. As such, although unnecessary to the Court's decision here, it seems Petitioner tacitly concedes that he is not actually innocent of § 922(g).

4

consider the second or successive petition "in the first place").

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the Government's motion to dismiss, and dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion [Doc. 25] is **DISMISSED** as a successive petition.

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss [Doc. 29] is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 31, 2022

Max O. Cogburn Jr
United States District Judge